**Melissa CLOER, M.D., Petitioner–
Appellant,**

v.

**SECRETARY OF HEALTH AND
HUMAN SERVICES, Re-
spondent–Appellee.**

No. 2009–5052.

United States Court of Appeals,
Federal Circuit.

Oct. 25, 2010.

Mari C. Bush, Kaye & Bush, LLC, Den-
ver, CO, for Petitioner–Appellant.

Lynn E. Ricciardella, Department of
Justice, Washington, DC, for Respondent–
Appellee.

Before RADER, Chief Judge,
NEWMAN, LOURIE, CLEVENGER *,
BRYSON, GAJARSA, LINN, DYK,
PROST, and MOORE, Circuit Judges.

PER CURIAM.

**ORDER**

Respondent–Appellee filed a combined
petition for panel rehearing and rehearing
en banc. The panel requested a response
from Petitioner–Appellant.

The petition for rehearing was consid-
ered by the panel that heard the appeal,**
and thereafter the petition for rehearing
en banc and the response were referred to
the circuit judges who are authorized to

request a poll on whether to rehear the
appeal en banc. A poll was requested, tak-
en, and the court has decided that the
appeal warrants en banc consideration.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Respondent–Appellee
for panel rehearing is denied.

(2) The petition of Respondent–Appellee
for rehearing en banc is granted.

(3) The court's May 6, 2010 opinion is
vacated, and the appeal is reinstated.

(4) The parties are requested to file new
briefs addressing the following three ques-
tions:

(a) Should the discovery rule, used for
example in medical malpractice cases, *see
United States v. Kubrick,* 444 U.S. 111,
120, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)
and *TRW, Inc. v. Andrews,* 534 U.S. 19,
27–28, 122 S.Ct. 441, 151 L.Ed.2d 339
(2001), apply to 42 U.S.C. § 300aa–16(a)(2)
so that the statute of limitations does not
begin to run until the claimant has knowl-
edge or reason to know of the cause of her
injury?

(b) Should *Brice v. Secretary of Health
and Human Services,* 240 F.3d 1367 (Fed.
Cir.2001) be overruled to permit equitable
tolling of 42 U.S.C. § 300aa–16(a)(2)?

(c) If equitable tolling is permitted, do
the circumstances of this case support eq-
uitable tolling?

(5) This appeal will be heard en banc on
the basis of the originally filed briefs and
additional briefing ordered herein. The
court will determine whether oral argu-
ment is appropriate after reviewing the
briefs. An original and thirty copies of all

---

* Judge Clevenger participated only in the deci-
  sion on panel rehearing.

** Chief Judge Michel, who was on the original
   merits panel, retired on May 31, 2010 and did
   not participate in the decision on rehearing.

originally filed briefs shall be filed within 20 days from the date of filing of this order. An original and thirty copies of new en banc briefs shall be filed, and two copies of each en banc brief shall be served on opposing counsel. Respondent–Appellee's en banc brief is due within 45 days from the date of this order. Petitioner–Appellant's en banc response brief is due within 40 days of service of Respondent–Appellee's new en banc brief, and Respondent–Appellee's reply brief, if any, is due within 15 days of service of Petitioner–Appellant's response brief. Briefs shall adhere to the type-volume limitations set forth in Federal Rule of Appellate Procedure 32 and Federal Circuit Rule 32.

(6) Briefs of amici curiae will be entertained, and any such briefs may be filed without leave of court or the parties' consent but otherwise must comply with Federal Rule of Appellate Procedure 29 and Federal Circuit Rule 29.

(7) If needed, oral argument will be held at a time and date to be announced later.